[No. B126555. Second Dist., Div. Four. Apr. 21, 1999.]

GENERAL DYNAMICS CORP., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and FLORENCE V.
ANDERSON, Respondents.

**COUNSEL**

Wogee, Hagner & Hudes and Raymond J. Bordelon for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Ned L. Gaylord and Michael Weir for Respondent Florence V. Anderson.

**OPINION**

**HASTINGS, J.**—This case involves the effect of a compromise and release signed by real party in interest, Florence V. Anderson, in connection with workers' compensation claims she filed in 1988 and 1989 against petitioner General Dynamics Corp. The Workers' Compensation Appeals Board (Board) concluded that the prior compromise and release did not preclude a new claim for asbestosis. After reviewing the record we conclude that the evidence does not support the determination of the Board and we annul and remand for further proceedings.

FACTS

Ms. Anderson was employed by General Dynamics as a janitor between July 16, 1979, and December 9, 1988, when she was placed on medical

disability due to asthma. She filed two workers' compensation claims: No. 88 POM 147537 and No. 89 POM 157101. The record before us does not contain a copy of the first claim but the second claim alleges "injury arising out of and in the course of employment to Respiratory System." It also alleges the "injury occurred as follows: Exposure to Dust, Chemicals & Fumes."

In connection with her claims, Ms. Anderson obtained a medical-legal report from Dr. Nachman Brautbar which concluded "the diagnosis of occupational lung disease in the form of asthmatic bronchitis is made." He attributed this condition as a "direct result of her industrial exposure to noxious and toxic type fumes, specifically ammonia. . . ." The report contains no reference to exposure to asbestos by Ms. Anderson or any injury identified as asbestos related. General Dynamics obtained a medical-legal report from Dr. Jonathan C. Greenberger who concurred in the diagnosis of asthma but disagreed with Dr. Brautbar's conclusion that the asthma was employment related. As with Dr. Brautbar's report, this report did not mention exposure to asbestos.

The claims were concluded by settlement in the amount of $35,000, which was approved by a workers' compensation judge on April 18, 1991. The compromise and release lists the subject injuries as follows: "lungs, respiratory system, cardiovascular system, cardiopulmonary system, psyche, various other parts of body as documented." Paragraph 3 of the release provides: "Upon approval of this compromise agreement by the Workers' Compensation Appeals Board or a workers' compensation judge and payment in accordance with the provisions hereof, said employee releases and forever discharges said employer and insurance carrier from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury, including any and all liability of said employer and said insurance carrier and each of them to the dependents, heirs, executors, representatives, administrators or assigns of said employee."

In November 1996, Ms. Anderson filed a new workers' compensation claim against General Dynamics, No. 96 LBO 278090, amended on January 3, 1997. The amended claim alleges that Ms. Anderson "while employed as a Janitor . . . sustained injury arising out of and in the course of employment to Pulmonary . . . as follows: Exposure to Asbestos, dust & other noxious fumes."

General Dynamics filed an answer to the amended claim which raised as an affirmative defense, among others, the "prior settlement in accord." It

then filed a petition to dismiss on the ground that the prior settlement operated as res judicata to preclude Ms. Anderson's new claim. Attached as exhibits to the petition were the current claim form, the prior claim form in No. 89 POM 157101, the order approving the compromise and release, the compromise and release, a copy of *Chevron U.S.A., Inc.* v. *Workers' Comp. Appeals Bd.* (1990) 219 Cal.App.3d 1265 [268 Cal.Rptr. 699], and page 10 of a report dated June 5, 1989, by Dr. P. Maloff.

This last exhibit reflects review by Dr. Maloff of treatment notes relating to Ms. Anderson from Mr. Kenton Jung, L.C.S.W., for outpatient psychotherapy.

"Mr. Jung's notes [of June 30, July 21, and July 28, 1989] indicate that Ms. Anderson reported symptoms of depression and anxiety related to concerns about her previous experience at General Dynamics. She stated that she continued to suffer from asthma, and that she believed that that might be associated with her exposure to asbestos at General Dynamics. . . .

"Treatment notes from Mr. Kenton Jung, L.C.S.W., dated August 28, 1989, indicate that he saw Ms. Anderson on August 4, August 11, and August 18, 1989. Mr. Jung noted that Ms. Anderson continued to wheeze severely, and that she continued to believe that her wheezing and asthma were related to asbestos exposure at General Dynamics. She stated that she had seen a physician who informed her that her asthma was not related to the asbestos exposure. She noted, however, that her attorney was going to send her to another physician to get a second opinion."

In opposition, Ms. Anderson argued that Dr. Maloff's report was insufficient to establish a prior compensable pulmonary disability which could have been the subject of settlement: "If the prior C&R settled a pulmonary injury with no lung disability, the applicant may proceed with filing another claim for [her] lungs if [her] breathing has progressively deteriorated."

The workers' compensation judge agreed with Ms. Anderson and denied the petition: "The medical reports filed in 88 POM 147537 and 89 POM 157101 do not indicate that applicant was suffering from asbestosis or was intended to settle any claim for asbestosis. Indeed, if applicant had not yet contracted asbestosis, any claim for asbestosis could not be settled since the injury had not yet occurred. [¶] It is found that applicant's claim for asbestosis while employed by General Dynamics has not been settled. . . ."

General Dynamics petitioned for reconsideration. The crux of its argument is contained within one paragraph of its petition: "As to whether applicant

had not yet 'contracted asbestosis' at the time of the settlement of the previous claim, that is open to debate. Indeed, as to whether applicant presently has 'asbestosis,' that is also a big question still open for consideration. However, whether or not applicant had asbestosis at the time of the initial settlement and whether or not she presently has it is of no consequence, since applicant, with full knowledge of all the possibilities, fully settled all injury to her 'pulmonary' system in connection with the 1991 settlement of the August 9, 1989 claim."

Relying on *General Foundry Service* v. *Workers Comp. Appeals Bd.* (1986) 42 Cal.3d 331 [228 Cal.Rptr. 243, 721 P.2d 124], the workers' compensation judge recommended that the Board deny the petition: "As stated in the *Jackson* case by the Supreme Court, exposure to asbestos may not manifest itself until after a latency period of 20 to 40 years. Obviously, an injury cannot be settled until it occurs. Although the prior files have not yet been sent from State Records Center, the medical reports of Jonathan C. Greenberger, MD, dated June 16, 1990, and by Nachman Brautbar, MD, dated November 13, 1989, are available for review. Reference is made to Dr. Greenberger's report, page 18, second to last paragraph which states that an x-ray report dated October 24, 1988 by Dr. Unis reported a normal chest. Similarly, Dr. Brautbar's report on page 6 states 'chest x-ray is unremarkable.' Thus, there is no evidence that employee was suffering from asbestosis at the time her prior claims were settled. It therefore appears that if employee was exposed to asbestos while employed by General Dynamics and said the exposure to the asbestos did not manifest itself in an injury until subsequent to the prior settlements, then clearly any claim of asbestosis is a new injury which could not have been settled previously."

On September 14, 1998, in a two-to-one decision, the Board denied the petition for reconsideration. The majority agreed with the reasoning of the workers' compensation judge (WCJ) and after quoting the above paragraph concluded as follows: "After reviewing the record, the majority of the Board agrees with the determination that applicant's asbestos claim is not barred by the doctrine of res judicata. The majority of the Board is persuaded that the evidence in the record supports a finding that applicant's alleged asbestos exposure was unknown at the time the C&R was approved, and therefore applicant's claim was not settled by the approved C&R."

One commissioner dissented: "The C&R specifically covers the period of employment from 1979 through 1988, and includes injury to the lungs and respiratory system. Paragraph No. 3 of the C&R clearly indicates that upon entering the C&R, the 'employee releases and forever discharges said employer and insurance carrier from all claims and causes of action, whether

now known or ascertained, or which may hereafter arise or develop as a result of said injury.' (Emphasis added.) Thus, the C&R included a settlement of applicant's alleged injury to her lungs, including any alleged asbestos exposure. [¶] Moreover, as stated by the WCR in his report, exposure to asbestos in the work place may cause cancer in a worker after a latency period of 20 to 40 years. In this case, the parties entered into the settlement in 1991, thus the asbestosis was obviously long since contracted. Therefore, the injury to the lungs resulting from asbestos exposure was present at the time the case was settled, and applicant's new claim filed in 1996 is barred by the doctrine of res judicata."

On January 13, 1999, we granted a writ of review upon petition of General Dynamics.

## DISCUSSION

General Dynamics bases its legal challenge to Ms. Anderson's new claim on the concept of res judicata, which is applicable in workers' compensation cases. (*Nash* v. *Workers' Comp. Appeals Bd.* (1994) 24 Cal.App.4th 1793, 1812 [30 Cal.Rptr.2d 454].) The doctrine precludes relitigation of claims which "were litigated, or could have been litigated, in a prior action." (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 282, p. 822.) It does not apply to bar workers' compensation claims involving different injuries. (*Nash* v. *Workers' Comp. Appeals Bd., supra,* 24 Cal.App.4th at p. 1812.)

Asbestos related injuries are troublesome because of the progressive and latent nature of the disease. More than one compensable injury may occur from exposure to asbestos as recognized in *Chevron U.S.A., Inc.* v. *Workers' Comp. Appeals Bd., supra,* 219 Cal.App.3d at page 1271:

"After review of the above discussed authorities, it is irrefutable that the 'date of injury' for determining the relevant statute of limitations, as well as the statutory rate of indemnity benefits, in latent occupational disease cases, is the date of concurrence of disability and knowledge. Thus, we are left to determine whether one period of exposure to a harmful substance, such as asbestos, can result in more than one 'injury' or 'disease' and, therefore, more than one date of injury under section 5412.

"The law is express that there can be no compensable injury until there is disability. [Citations.] The fact of injury (exposure) and the date of injury (disability), by definition, are not equivalent in cases involving the latent effects of an occupational disease. [Citations.]

"It necessarily follows from this reasoning that the fact of injury, i.e., exposure, under certain situations may result in more than one date of injury. For example, in the instant case, Dr. Piero Mustacchi, an occupational epidemiologist, identified *four different disease processes* that have been linked to asbestos exposure: asbestosis, pleural plaques, diaphragmatic calcifications, and malignant mesothelioma. It is not disputed that the mesothelioma was first diagnosed and first manifested disabling symptoms on August 12, 1987. Dr. John R. Balmes, an internal and pulmonary medicine specialist, testified that an individual could have asbestosis without mesothelioma, or also could have mesothelioma without asbestosis. Dr. Balmes further testified that while malignant mesothelioma and asbestosis are often seen together, particularly in individuals with greater asbestos exposure, they are in fact separate and distinct pathological disease processes."

The problem with which we are faced here is a record which is insufficient to determine whether res judicata should be applied or not. The record reflects two medical-legal reports from the prior claims, those of Doctors Brautbar and Greenberger. Each doctor concluded that Ms. Anderson was suffering from asthma, obviously a condition affecting Ms. Anderson's pulmonary system. Neither mentions any exposure to asbestos. The evidentiary support for the petition to dismiss filed by General Dynamics rested solely upon the prior claim form in No. 89 POM 157101, the broad language of the release, and reference by Dr. Maloff to review of records of Psychotherapist Kenton Jung which indicated that Ms. Anderson *believed* that her asthma may be associated with her exposure to asbestos. There is no medical evidence in the record to support a conclusion that when the original claims were settled Ms. Anderson had in fact suffered an injury from exposure to asbestos.

This lack of evidentiary support was recognized by the WCJ in his recommendation to the Board to deny the petition for reconsideration: "In support of her position, employee has filed a medical report by Prakash Jay, MD, dated March 20, 1997. On page 6, Dr. Jay states that spirometry revealed severe obstructive airway disease with moderate restrictive lung disease. Also, chest x-rays taken on February 6, 1997 noted some minimal left lateral pleural thickening of the lungs. These two factors present a reasonable basis for concluding that employee may now be suffering from the effects of asbestosis which were not evident at the time she settled her prior cases. Again, if and when this matter is litigated, defendant should be given the opportunity to rebut these medical findings. It is entirely possible that a medical report obtained by petitioner will contradict the report of Dr. Jay. *The fact that I denied petitioner's motion to dismiss should not be*

*interpreted to mean I agree employee has sustained a new injury due to asbestosis which only recently has manifested itself."* (Italics added.)

Despite the absence of evidence on the issue, all three commissioners came to firm conclusions: the majority of the Board concluded that Ms. Anderson's new claim was not barred and the dissenting commissioner concluded that the new claim was barred. We conclude that the evidence in the record is insufficient to support either determination and that the WCJ was correct—the issue remains to be determined after further litigation.

## DISPOSITION

The decision of the Board dated September 14, 1998, is annulled. The matter is remanded to the Board with directions to enter a new order denying reconsideration without prejudice to the rights of the parties to litigate the issue of res judicata.

Epstein, Acting P. J., and Curry, J., concurred.

A petition for a rehearing was denied May 12, 1999.